## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANNON SCHULTE, on behalf of<br>herself and all others similarly situated | ) | Case No. 1:09-CV-06655 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| -v- | ) | |
| | ) | |
| FIFTH THIRD BANK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Shannon

Schulte and Marlene Willard ("Plaintiffs"), on behalf of themselves and the Settlement Class (as

defined below), by and through Proposed Settlement Class Counsel (as defined below), and Fifth

Third Bank. This Agreement is being submitted pursuant to Rule 23 of the Federal Rules of Civil

Procedure and is subject to preliminary and final approval by the Court.

### DEFINITIONS

1.      As used in the Agreement, the following terms have the meaning specified below:

        a)      "Actions" means the actions entitled *Schulte, et al. v. Fifth Third Bank*,

Case No. 1:09-CV-06655, filed on October 21, 2009, in the United States District Court for the

Northern District of Illinois ("Schulte Action"), and *Willard, et al. v. Fifth Third Bancorp, Inc.*,

Case No. 1:10-CV-00271, filed on February 1, 2010, in the United States District Court for the

Northern District of Georgia ("Willard Action").

        b)      "Claim Form" means and refers to the claim form to be completed, signed

under penalty of perjury (neither notarization nor witnessing required), and timely submitted to

the Claims Administrator by each Settlement Class Member seeking to obtain a distribution from the Escrow Account provided for in Paragraphs 1(i), 29, and 30 of this Settlement. As specified in Paragraph 14 of this Settlement, claim forms will be provided to Settlement Class Members by mail ("Mailed Claim Form"), will be available in electronic format ("Electronic Claim Form"), and will be available upon request from the Claims Administrator. The Settling Parties' proposed Mailed Claim Form is attached hereto as Exhibit 4. The Settling Parties' proposed Electronic Claim Form is attached hereto as Exhibit 5.

c)     "Claims Administrator" means Epiq Systems, Inc., or any other nationally recognized class action claims administrator agreed upon by the Settling Parties, which is retained by Fifth Third pursuant to Paragraph 19 of this Settlement.

d)     "Class Period" shall mean October 21, 2004, through July 1, 2010.

e)     "Complaints" means the Complaints filed in the Actions.

f)     "Court" means the United States District Court for the Northern District of Illinois.

g)     "Defendant's Counsel" means Patrick F. Fischer, Keating, Muething & Klekamp PLL, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202.

h)     "Effective Date" has the meaning set forth in Paragraph 32 of this Settlement.

i)     "Escrow Account" means an interest bearing account established by Fifth Third with joint signatory authority vested in the Claims Administrator and Burton H. Finkelstein, one of Proposed Settlement Class Counsel. The Escrow Account shall be held in a Fifth Third bank account, and Fifth Third will waive all fees and charges associated with the Escrow Account.

2

j)       "Fifth Third" or "Defendant" means Fifth Third Bank or Fifth Third Bancorp or any of the parties released pursuant to Paragraph 34 of this Settlement.

k)       "Fifth Third Debit Card" means a debit card, check card or any other bank card used for debit purchases bearing the Fifth Third logo or brand, including such cards bearing the Fifth Third logo or brand issued by any subsidiary or affiliate of Fifth Third, and such cards bearing the logo or brand of another financial institution acquired by or merged into Fifth Third.

l)       "Fifth Third Debit Card Transaction(s)" means transaction(s) effectuated with or relating to such Fifth Third Debit Card(s), including but not limited to automated teller machine ("ATM") transactions and point of sale ("POS") transactions.

m)       "Fifth Third Account" means an account maintained by or with Fifth Third or any subsidiary or affiliate of Fifth Third.

n)       "Fifth Third Deposit Agreement" means an account agreement or account information relating to a Fifth Third Account.

o)       "Final Fairness Hearing" means the hearing in the Schulte Action for the Court to consider final approval of this Settlement and the entry of Judgment.

p)       "Judgment" means the Judgment and Order of Dismissal with Prejudice to be entered in the Schulte Action in connection with the Settlement after the Final Fairness Hearing.  The Judgment shall be substantially in the form of Exhibit 2.

q)        "Notice" means the Notice of Proposed Class Action Settlement to be given to Settlement Class Members in connection with the Settlement following the filing of the Preliminary Approval Order. Notice shall include a Claim Form or instructions to obtain a Claim Form. As provided in the Notice Plan attached hereto as Exhibit 1, Notice will be

provided to Settlement Class Members by mail ("Mailed Notice") and through publication ("Published Notice") in accordance with the Notice Plan. The Settling Parties' proposed form of Mailed Notice and Published Notice are included within Attachment B to the Notice Plan. Based upon the Preliminary Approval Order and the date set by the Court for the Final Fairness Hearing, the Settling Parties shall fill-in or substitute dates in the Notice to the extent reasonably feasible before Notice is provided to Settlement Class Members.

      r)     "Notice Administrator" means Hilsoft Notifications or any other nationally recognized class action notice administrator agreed upon by the Settling Parties, which is retained by Fifth Third pursuant to Paragraph 14 of this Settlement Agreement.

      s)     "Overdraft Fee" means an insufficient funds fee, overdraft fee, returned item fee, daily overdraft fee, overlimit fee, or other similar fee, incurred as a result of the "re-sequencing" of a Fifth Third Debit Card Transaction in non-chronological order that was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

      t)     "Plaintiffs" means Shannon Schulte and Marlene Willard.

      u)     "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit 3.

      v)     "Proposed Settlement Class Counsel" means Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, Illinois 60602; Burton H. Finkelstein, Finkelstein Thompson LLP, 1050 30th St. NW, Washington, D.C. 20007; Hassan A. Zavareei, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington, D.C. 20036; and David J. Worley, Evangelista & Associates, LLC, One Glenlake Parkway, Suite 700, Atlanta, GA 30328.

w)     "Settlement Class Member[s]" means all persons who are members of the Settlement Class to be certified under Paragraph 7 of this Settlement.

x)     "Settlement Fund" means the $9,500,000.00 to be deposited by Defendant in accordance with the settlement terms hereof.

y)     "Settling Parties" means Plaintiffs and Defendant.

## RECITALS

2.     The Actions were commenced on October 21, 2009, by Shannon Schulte, individually and on behalf of all others similarly situated, and on February 1, 2010, by Marlene Willard, individually and on behalf of all others similarly situated.

3.     In the Complaints, Plaintiffs allege that they were Fifth Third accountholders and had, and had used, a debit card in connection with their accounts at Fifth Third. Plaintiffs further allege that Fifth Third improperly assessed them (and other Fifth Third customers) Overdraft Fees for insufficient funds on debit card purchases and/or ATM withdrawals by "re-sequencing" transactions in order to maximize the number of overdraft fees. Plaintiffs allege that this practice was unlawful and caused them and others similarly situated to suffer financial injury.

4.     Fifth Third has filed a Motion to Dismiss in the Schulte Action, arguing that its deposit agreement with its customers expressly authorizes it to charge overdraft fees and pay items drawn on customer accounts from highest amount to lowest amount. Fifth Third believes the claims in both Actions are without merit. Nevertheless, for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Actions, and for the purpose of putting to rest the controversies engendered by the Actions, and without any admission of any liability or wrongdoing whatsoever, Fifth Third desires to settle the Actions and all claims asserted in or subsumed by the Actions on the terms and conditions set forth herein.

5.     Plaintiffs and Proposed Settlement Class Counsel believe that the claims asserted in the Actions have merit. Plaintiffs and Proposed Settlement Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against Fifth Third through motion practice, trial, and potential appeals. Proposed Settlement Class Counsel have also taken into account the uncertain outcome and the risks of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Settlement Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class. Plaintiffs and Proposed Settlement Class Counsel have determined that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

6.     The Settling Parties, by and through their respective duly authorized counsel of record, hereby agree that the Actions, and all matters and claims in the Complaints, and all matters and claims arising out of or related to the allegations or subject matter of the Complaints and Actions, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the below terms and conditions.

## TERMS OF THE SETTLEMENT

In consideration of the complete and final settlement of the Actions, and under the terms and conditions herein, the Settling Parties agree as follows:

### Certification of the Settlement Class

7.     For settlement purposes only, the Settling Parties agree to request that the Court certify a Settlement Class defined as follows:

> All persons in the United States who hold or held a Fifth Third Account who at any time during the Class Period incurred at least one Overdraft Fee (as defined in the Settlement Agreement) associated with at least one Fifth Third Debit Card Transaction.

> Excluded from the Settlement Class are Fifth Third Bank, any parent, subsidiary, affiliate or sister company of Fifth Third Bank,

and all officers or directors of Fifth Third Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this Settlement.

8.      If the Court does not certify the Settlement Class, changes, or alters the composition of the Settlement Class, or alters the Settlement in any way not acceptable to Defendant, Defendant shall have the right to terminate the Settlement by serving on Proposed Settlement Class Counsel and filing with the Court a notice of termination within ten (10) days of its receipt of notice of the Court's ruling.

### Settlement Consideration

9.      **Monetary Consideration.**  Subject to approval by the Court, the total monetary consideration to be provided by Fifth Third pursuant to the Settlement shall be $9,500,000.00, inclusive of all attorneys' fees, costs, and expenses, incentive payments, and the Claims Administration and Notice costs of the Settlement other than those notice costs to be borne by Defendant pursuant to Paragraph 15 of this Settlement.

10.      **Non-Monetary Consideration.**  As additional consideration for the release of the claims as set forth herein of the Settlement Class Members, Fifth Third will also implement the following modifications to its business practices, subject to the limitations identified below, within thirty (30) days of the Effective Date of the Settlement as defined in Paragraph 31 of this Settlement.

a)      Debits from Fifth Third Debit Card Transactions will not be charged to a customer's Fifth Third Account from highest amount to lowest amount; rather, the debits from Fifth Third Debit Card Transactions will be posted in chronological order (*i.e.*, in the order that Fifth Third Debit Card Transactions are presented to Fifth Third for payment, regardless of

7

amount). Fifth Third presently targets April 1, 2011, as the effective date for the new posting procedure and agrees to act with due diligence to implement the procedure.

      b)    At Defendant's call centers, all customer service representatives will be trained on issues related to Overdraft Fees and other overdraft issues. These customer service representatives will have the ability and authority to waive any overdraft fee for good cause ("good cause" may include, but not be limited to, an automatic waiver of one (1) overdraft fee per year, plus those resulting from errors in account reporting and other hardship situations such as hospitalization or illness causing an inability to examine account balances (medical documentation may be required for such claims)).

### Attorneys' Fees, Costs, and Expenses

11.    Proposed Settlement Class Counsel shall seek approval of the Court for payment of not more than one-third of the Settlement Fund for attorneys' fees. Proposed Settlement Class Counsel shall seek approval of the Court for reimbursement of reasonable costs and expenses incurred by Proposed Settlement Class Counsel in litigating, handling, and resolving the Actions. Fifth Third agrees not to oppose such applications. Fifth Third shall have no other or further liability for the attorneys' fees, costs, and expenses of Plaintiffs, Proposed Settlement Class Counsel, or any Settlement Class Member.

      a)    Unless the Settlement is terminated as provided hereinafter, the Claims Administrator shall pay all attorneys' fees, costs, and expenses approved by the Court from the Escrow Account to Proposed Settlement Class Counsel within ten (10) days after entry of a Judgment approving the settlement, subject to the conditions in this Paragraph.

      b)    If a Judgment approving the settlement is reversed, vacated, modified, and/or remanded for further proceedings, or otherwise disposed of in any manner other than one

resulting in an affirmation of the Final Judgment and Order approving the settlement, as to any matter other than a reduction of attorneys' fees, costs, or expenses, and if either Fifth Third or Proposed Settlement Class Counsel properly and timely terminates the Settlement Agreement, then Proposed Settlement Class Counsel shall within ten (10) days return to Escrow Account the amount of attorneys' fees, costs, and expenses received from the Escrow Account.

        c)      If the award of attorneys' fees, costs, or expenses is reduced after entry of a Final Judgment and Order approving the settlement, then Proposed Settlement Class Counsel shall within ten (10) days return to the Escrow Account the amount by which the attorneys' fees, costs, or expenses has been reduced. Fifth Third's obligation to pay attorneys' fees, costs, and expenses to Proposed Settlement Class Counsel hereunder is conditioned upon Proposed Settlement Class Counsels' providing the Claims Administrator with W-9s and/or their respective taxpayer identification numbers no later than ten (10) days prior to payment.

        d)      Except as otherwise expressly set forth above, the Settlement shall not be conditioned upon or subject to Court approval of an award of any particular amount of attorneys' fees, costs, or expenses to Proposed Settlement Class Counsel.

### Incentive Awards

12.      Defendant agrees not oppose application by Plaintiffs for incentive awards to Plaintiffs in an amount not to exceed $1,000 each. Such incentive awards are subject to approval of the Court and shall be paid by the Claims Administrator from the Escrow Account within ten (10) days of the Effective Date of the Settlement.

### Preliminary Approval

13.      Within ten (10) days of execution of this Settlement Agreement by the Settling Parties, Plaintiffs shall file a motion for preliminary approval in the Schulte Action, requesting

that the Court:

     a)     Preliminarily approve the Settlement;

     b)     Approve the form of Notice to be provided to the Settlement Class, including the form of Mailed Notice and Published Notice;

     c)     Direct that Notice be provided to the Settlement Class in accordance with the Settlement;

     d)     Establish a procedure for Settlement Class Members to object to the Settlement or to exclude themselves from the Settlement Class, and set a date, not later than twenty-one (21) days prior to the date set for the Final Fairness Hearing, after which no persons shall be allowed to object to the Settlement or to exclude himself/herself from the Settlement Class;

     e)     Pending final determination of whether the Settlement should be approved, stay all proceedings in the Schulte Action and the Willard Action except those related to the effectuation of the Settlement; and

     f)     Schedule a date for the Final Fairness Hearing that is no more than one hundred and fifty (150) days after the entry by the Court of the Preliminary Approval Order.

### Notice to Settlement Class Members of the Settlement

14.     Fifth Third shall retain Hilsoft Communications or any other nationally recognized class action notice administrator agreed to by the Settling Parties, as the Notice Administrator.  Subject to approval of the Court, the reasonable fees and costs of the Notice Administrator and any third-party vendors performing tasks necessary for the implementation or effectuation of the Notice Plan shall be paid from the Escrow Account.  Notice shall proceed as set forth in the Notice Plan attached hereto as Exhibit 1.  Any amount paid out of the Settlement

Fund for Notice must be approved by the Court. The Notice Plan shall satisfy all requirements of constitutional due process and shall include mailed notice and published notice. Notice shall be completed no later than one hundred (100) days after entry by the Court of a Preliminary Approval Order. In the event that cost, as proposed by the Notice Administrator, to send notice to former customers exceeds $270,000, Proposed Settlement Class Counsel can terminate this Settlement. Prior to exercising its right to terminate the Settlement, Proposed Settlement Class Counsel agree to negotiate in good faith, including mediation if necessary, with Defendant's Counsel regarding a solution to said costs. In no event, however, shall any language in the Settlement Agreement regarding the payment of or obligation for notice costs be operative for the assessment for said additional costs.

15. As part of Notice to the Settlement Class, Fifth Third shall be responsible for: the printing and mailing of stuffers in monthly statements; the purchasing of all materials relating to the printing and mailing of stuffers in monthly statements; the printing of language on the outside of envelopes containing such monthly statements advising Settlement Class Members of the class action Settlement Notice documents contained therein; the printing of language on the concerned monthly statements advising Settlement Class Members of the class action Settlement Notice documents; the maintenance of a banner on Defendant's website viewable by all Fifth Third customers and identifying the settlement website address; and paying all costs associated with said activities. The costs of such activity shall not be reimbursed from the Settlement Fund.

16. At least fifteen (15) days before the Final Fairness Hearing, the Notice Administrator shall provide Proposed Settlement Class Counsel with one or more declarations stating that Notice was provided in accordance with the requirements of the Preliminary Approval Order, which Proposed Settlement Class Counsel shall promptly file with the Court

and serve on Defendant's Counsel.

### Exclusion from the Settlement Class
### and Fifth Third's Right to Terminate Settlement

17.     If a Settlement Class Member wishes to be excluded from the Settlement Class, they must individually sign and timely submit written notice of such intent to the designated Post Office box established for such purpose. The written notice must refer to *Schulte, et al. v. Fifth Third Bank* or *Willard, et al. v. Fifth Third Bancorp* and must list the account number(s) of the Settlement Class Member's Fifth Third Account(s) linked to a Fifth Third Debit Card.   In addition, the written notice must include, for each account listed: (1) the full names and current addresses of everyone whose name is on the account; (2) a statement that everyone whose name is on the account satisfies the criteria set forth in Paragraph 7 of this Settlement to be a Settlement Class Member; (3) a statement of intention to exclude everyone whose name is on the account from the Settlement Class; and (4) the signature of everyone whose name is on the account. To be effective, written notice must be postmarked at least twenty-one (21) days prior to the date as set by the Court in the Notice for the Final Fairness Hearing.

18.     Fifth Third shall have the right to terminate the Settlement by serving on Proposed Settlement Class Counsel and filing with the Court a notice of termination within ten (10) days of its receipt from the Claims Administrator of the report specified in Paragraph 21(f)(ii) of this Settlement if the number of Settlement Class Members who timely request exclusion from the Settlement Class equals or exceeds the number specified in the separate letter executed concurrently with this Settlement by the Settling Parties.

### Objections to Settlement

19.     Any Settlement Class Member who does not opt out of the Settlement Class may object to the Settlement by filing with the Court a timely written statement of objection. To be

timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Illinois, at a courthouse location to be designated by the Court, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and also served on Proposed Settlement Class Counsel, Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, Illinois, 60602, and Defendant's counsel, Patrick F. Fischer, Keating, Muething & Klekamp PLL, One East Fourth Street, Suite 1400, Cincinnati, Ohio 45202. The written statement of objection must set forth: (i) the title of the Action; (ii) the objector's full name, address, and telephone number, (iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (iv) the identify of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) a list of all other objections filed by the objector during the five (5) years prior to the date the objection was filed with the Court; (ix) a list of all other objections filed by the objector's counsel during the five (5) years prior to the date the objection was filed with the Court; and (x) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations).

**Settlement Administration**

20.     Fifth Third shall retain Epiq Systems, Inc., or any other nationally recognized class action claims administrator agreed to by the Settling Parties, as the Claims Administrator. The fees and costs of the Claims Administrator and of any third-party vendors performing tasks

necessary for the implementation or effectuation of the Settlement as provided in Paragraph 21 of this Settlement shall be paid from the Escrow Account. Fifth Third shall receive no reimbursement from Proposed Settlement Class Counsel, or from the Escrow Account, or from the Settlement Fund for any task it performs that is necessary for the implementation or effectuation of the Settlement as provided in Paragraphs 15 and 41 of this Settlement, or any other amounts that were incurred or otherwise expended by the Class Administrator or Notice Administrator in the event that the Effective Date of the Settlement does not occur. In the event the Settlement does not receive final approval, or receives final approval that is overturned on appeal, said amounts shall be the sole responsibility of Defendant. In the event the Settlement does not receive final approval, or receives final approval that is overturned on appeal, Defendant shall be entitled to the return of all funds in the Escrow Account.

21.     The duties of the Claims Administrator, in addition to any other duties that may be specifically described herein, are as follows:

a)     Receive and verify for completeness all Claims Forms;

b)     Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

c)     Process all requests for exclusion;

d)     Transmit payments to Settlement Class Members from the Escrow Account pursuant to Paragraph 30;

e)     If Fifth Third and any Settlement Class Member are not able to reach an agreement on the validity of a claim, pursuant to Paragraph 27, the validity of the claim shall be decided by the Claims Administrator;

f)     Provide the following lists to Proposed Settlement Class Counsel and

Defendant's Counsel (except that on the lists provided to Proposed Settlement Class Counsel and Defendant's Counsel any account numbers or partial social security numbers shall be redacted), starting thirty (30) days after the first Mailed Notice or Published Notice and periodically thereafter:

      i)      upon request, a list identifying (by the available information regarding name, address, and/or account number) those persons who have returned a Claim Form; and

      ii)      a list identifying those persons who have submitted a request for exclusion pursuant to Paragraph 16 and the terms of the Preliminary Approval Order, and copies of all such requests for exclusion, with a complete list of all persons requesting exclusion from the Settlement Class being provided to Proposed Settlement Class Counsel and Defendant's Counsel no later than fifteen (15) days prior to the date set for the Final Fairness Hearing;

      g)      Maintain and oversee data storage relating to the Settlement and the claims process, and engage in account reconciliation, and general administration incidental to the foregoing.

22.      The Claims Administrator's and Notice Administrator's fees, costs, and expenses in performing the foregoing duties will be paid from the Escrow Account. Invoice(s) related to publication of the notice in local newspapers will be paid from the Escrow Account no later than fifteen (15) days prior to the earliest scheduled appearance of the notice. Invoice(s) related to mailed notice printing and postage deposits will be paid from the Escrow Account no later than seven (7) days prior to the scheduled mailing date or dates. Other invoices from the Claims Administrator and Notice Administrator will be paid from the Escrow Account within thirty (30)

days of the date of said invoices. Said amounts and payments shall be the sole responsibility of Defendant. It is expressly understood and agreed to by Settling Parties that neither Proposed Settlement Class Counsel, nor Settlement Class Members shall be responsible for any of said fees, costs, or expenses.

### Submission and Verification of Claims

23.     In order to receive a refund under this Settlement Agreement, a Settlement Class Member must submit a Claim Form no later than forty-five (45) days after the Final Fairness Hearing, attesting under penalty of perjury that the person submitting the Claim Form is a person who holds or held a Fifth Third Account and, at any time during the five (5) years prior to October 21, 2009, and including the date of preliminary approval by this Court of this Final Settlement Agreement, resided in the United States, incurred at least one (1) Overdraft Fee associated with at least one (1) Fifth Third Debit Card Transaction, and that the Overdraft Fee was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

24.     A Settlement Class Member shall specify on the Claim Form the total amount of Overdraft Fees that the Settlement Class Member incurred during any continuous forty-five (45) day period during the Settlement Class Period, which they must identify by months and year.

25.     In order to assist Settlement Class Members to properly and accurately complete a Claim Form, Fifth Third shall make available at no cost on its website (www.53.com), all Settlement Class Member account statements for a period going back sixteen (16) months from the date of request by the Settlement Class Member.

26.     Fifth Third may take such steps as it deems necessary and appropriate in its sole discretion to verify the information provided on Claim Forms submitted by Settlement Class

Members and to prevent fraudulent claims under this Settlement. In doing so, Fifth Third shall be entitled to rely on the information contained in its business records relating to the Settlement Class Members' accounts. Nothing herein is intended or shall be construed to obligate Fifth Third to verify each or any Claim Form submitted.

27.     If Fifth Third wishes to contest the validity of any Claim Form, it must notify the Claims Administrator, the Settlement Class Member and Proposed Settlement Class Counsel and attempt to reach agreement with the Settlement Class Member regarding the validity of the Claim Form. If Fifth Third and the Settlement Class Member are not able to reach an agreement on the validity of the claim, the validity of the Claim Form shall be decided by the Claims Administrator.

28.     Each Settlement Class Member shall submit no more than one Claim Form, regardless of the number of Overdraft Fees such Settlement Class Member may have been charged during the Class Period as a result of the use of a Fifth Third debit card. In the event that a Settlement Class Member files multiple Claim Forms, only the valid Claim Form claiming the highest amount of Overdraft Fees will be honored.

### Distribution of Settlement Consideration

29.     Defendant shall cause the Settlement Fund ($9,500,000.00) to be transferred to the Escrow Account within thirty (30) days after the Court executes an order granting preliminary approval of the settlement. Any interest earned on the Settlement Fund will become part of the Escrow Account and Settlement Fund.

30.     As set forth above, the costs of Notice and Claims Administration, attorneys' fees, costs, and expenses, and incentive awards, shall be deducted prior to the distribution of the remainder of the Escrow Account. After the withdrawal of the costs of Notice and Claims

administration, attorneys' fees, costs, and expenses, and incentive awards, the distribution of the remainder of the Escrow Account will proceed as follows within ninety (90) days after the Effective Date of this Settlement.

    a)    If the aggregate amount of submitted claims does not exceed the remainder of funds in the Escrow Account, the distribution to Settlement Class Members shall proceed as follows:

    i)    Each Settlement Class Member who submitted a valid Claim Form shall receive the total amount claimed on the Claim Form;

    ii)    If there are still funds remaining in the Escrow Account, the remainder shall be distributed on a pro rata basis with each Settlement Class Member receiving up to (but not to exceed) three times the amount claimed on their Claim Forms.

    iii)    If there are still funds in the Escrow Account after Settlement Class Members are provided up to three times the amount claimed on their Claim forms, the remainder of the funds in the Escrow Account shall be paid out through a *cy pres* distribution provided for in Paragraph 31 of this Settlement and shall not revert to Fifth Third.

    b)    If the total amount of submitted claims exceeds the funds available in the Escrow Account after payment of the costs of Notice and Claims Administration, attorneys' fees, costs, and expenses, and incentive awards, the funds remaining in the Escrow Account shall be distributed to Settlement Class Members submitted valid Claim Forms on a pro rata basis. In no event shall Fifth Third be required to pay out in the aggregate to Settlement Class Members more than the amount remaining in the Escrow Account. Payments to Settlement Class Members pursuant to this Paragraph will be made by mailing checks to them at the

18

addresses stated in their respective Claim Forms.

*Cy Pres* **Distribution**

31.     If there are funds remaining in the Escrow Account after the distributions are completed pursuant to Paragraph 30 of this Settlement, Fifth Third shall distribute all such remaining funds through the *cy pres* distribution. All funds resulting from returned or un-cashed checks shall remain in the Escrow Account for one year, at which time the money will be distributed through the *cy pres* distribution. In the event that all funds in the Escrow Account are paid to Settlement Class Members, Fifth Third will have no obligation to distribute a *cy pres* under this Paragraph or as part of the Settlement. The *cy pres* shall be distributed as follows:

a)     The Settling Parties agree that the cy pres shall be distributed to 1 nonprofit credit counseling organization in each of the 12 states that Defendant has branches (Ohio, Illinois, Georgia, Florida, Tennessee, Kentucky, Indiana, West Virginia, North Carolina, Missouri, Michigan, and Pennsylvania).  The Settling Parties shall agree on the designated nonprofit organization in each state, subject to the approval of the Court.

b)     Each designated nonprofit organization shall receive an equal share of the *cy pres* distribution.

c)     The *cy pres* distribution shall be paid as soon as is practicable following the distribution of funds to Settlement Class Members.

**Effective Date of Settlement**

32.     The Effective Date of the Settlement shall be thirty (30) days after all of the following conditions have occurred and been satisfied:

a)     This Settlement has been signed by Proposed Settlement Class Counsel and Defendant's Counsel;

19

b)      The Court has entered the Preliminary Approval Order substantially in the form of Exhibit 3 attached hereto;

c)      Notice has been provided to the Settlement Class as required by the Preliminary Approval Order and Fifth Third or the Claims Administrator has filed one or more declarations attesting that such notice was provided;

d)      The Court has entered the Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit 2 attached hereto; and

e)      The time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmation is no longer subject to further appeal or review.

### No Admission of Liability

33.     Fifth Third expressly denies any and all liability in these Actions.  By entering into this Settlement, Fifth Third is not admitting any liability whatsoever to Plaintiffs, any Settlement Class Member or any other person or entity or the truth of any allegations or circumstances, nor is Fifth Third waiving any claim, counterclaim, defense, or affirmative defense except to the extent otherwise expressly provided by this Settlement.

### Releases

34.     As of the Effective Date, Plaintiff and each and every Settlement Class Member shall be deemed to have fully released and forever discharged Fifth Third, any past or present parent, affiliate, or sister company of Fifth Third, any past and present direct or indirect subsidiary of Fifth Third, any successor and/or assign of Fifth Third, and all of the past and present employees, agents, representatives, attorneys, insurers, officers, and directors of each of

20

them, of and from any and all rights, claims, actions, causes of action, demands and remedies, known or unknown, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged in the Complaints, including claims relating to any or all of the following matters, provided such claims result from, arise out of, or are based, in any way, upon the use of a Fifth Third Debit Card by the cardholder or by an authorized user of the debit card that led to the assessment of one or more Overdraft Fees: (a) the order or manner in which Fifth Third Debit Card and other transactions are posted to and debited from Fifth Third Accounts; (b) the authorization, approval and handling of any Fifth Third Debit Card Transactions, including ATM transactions; (c) any fees or charges resulting from or relating to Fifth Third Debit Card Transactions, including ATM transactions; (d) any failure to warn when Fifth Third Debit Card Transactions, including ATM transactions, would cause a Fifth Third Account to be overdrawn or a fee assessed; (e) the accuracy of any Fifth Third Account balance or other Fifth Third Account information relating to a Fifth Third Debit Card provided or shown online or through other means; (f) any conduct, representations or statements (in Fifth Third Account Agreements or otherwise) encouraging the use of Fifth Third Debit Cards or reliance on any Fifth Third Account balance or other Fifth Third Account information relating to a Fifth Third Debit Card provided or shown online or through other means; (g) the timing and manner of distribution of Fifth Third Account Agreements as it relates to Fifth Third Debit Cards; and (h) any advertising or advertisements relating to any of the foregoing.

35.     Plaintiffs and other Settlement Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of this Paragraph and Paragraph 34 of this

Settlement, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraph 34 of this Settlement. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Settlement, including by the releases contained in this Paragraph and in Paragraph 34 of this Settlement, and that all of their claims in the Actions shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement, never submits a Claim Form, or never receives a distribution of funds from the Settlement.

36.     Nothing herein shall operate or be construed to release any claims or rights by Fifth Third to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member or Class Counsel on his/her accounts, loans or any other debts with Fifth Third, pursuant to the terms and conditions of such accounts, loans, or any other debts.

**Discovery**

37.     Plaintiffs shall be entitled to reasonable confirmatory discovery from Fifth Third to be conducted by Proposed Settlement Class Counsel. The period for confirmatory discovery shall begin as of the date of this Settlement Agreement and shall last for a period of thirty (30) days thereafter. Fifth Third shall cooperate in good faith to facilitate the confirmatory discovery. All materials provided to Proposed Settlement Class Counsel that are proprietary and confidential shall be designated as such and retained by Proposed Settlement Class Counsel,

subject to Court order that either party may find it necessary to seek and which is obtained and entered by the Court. At the conclusion of confirmatory discovery, Proposed Settlement Class Counsel shall, based upon all facts known to them, determine in good faith whether in their opinion the Settlement is fair, reasonable, and adequate. If Proposed Settlement Class Counsel determines that the Settlement is not in their opinion fair, reasonable, and adequate, Proposed Settlement Class Counsel shall terminate the Settlement and give notice to Fifth Third of such termination within ten (10) days after confirmatory discovery concludes. In such case, the Settlement shall be null and void, and the Settling Parties shall return to their original positions.

## Termination of Settlement

38.     This Settlement may be terminated as provided in this Paragraph and Paragraphs 14, 18 and 37 of this Settlement. This Settlement may also be terminated by either Settling Party by providing written notice to counsel for the opposing Party and the Court within ten (10) days after any of the following occurrences:

a)     any court rejects, modifies, amends, or declines to approve the Settlement;

b)     Any court incorporates into, or deletes or strikes from, the Preliminary Approval Order, Judgment, or the Settlement, any provision which the Settling Party seeking to terminate the Settlement, in its sole discretion, regards as material; or

c)     Any court makes any order precluding Plaintiffs or Fifth Third from proceeding in whole or in part with the Settlement.

39.     In the event of a termination in accordance with the provisions of the Settlement:

a)     The Settlement, except for this Paragraph and Paragraphs 11, 15, 20, 22, and 41 shall be null and void and of no further effect;

b)     Any certification of the Settlement Class by the Court will be vacated;

c)     The Settling Parties will be returned to their positions *quo ante* with

23

respect to all facets of the Actions, including, without limitation, with respect to the appropriateness of class certification, as if the Settlement had not been entered into;

   d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Mailed, Electronic, and Published Notices, court filings, orders, and public statements relating to the Settlement, may thereafter be used as evidence for any purpose whatsoever; and

   e) The fact of, and any documents, findings, decisions, or orders relating to, any failure of a court to approve the Settlement or any modification or amendment of the Settlement by a court, as well as the fact and contents of any objections which may have been filed to the Settlement, may not be used as evidence for any purpose whatsoever.

  40. Nothing in the preceding Paragraph is intended or will be construed to limit a Settling Party's right to use or to offer the Settlement in evidence in any action or proceeding in any court or other tribunal to enforce or implement its terms, to support or defend the Settlement Agreement, including on any appeal from the Judgment, or to enforce or assert a claim or defense of res judicata, collateral estoppel, claim or issue preclusion, settlement, release, merger and bar, or any similar claim or defense against a Settlement Class Member.

  41. In the event of a termination, Fifth Third shall have no right to seek reimbursement from Plaintiffs or Proposed Settlement Class Counsel for any funds distributed from the Escrow Account, including money spent for Notice or Claims Administration.

## Public Communications

  42. No Settling Party, Proposed Settling Class Counsel, or Defendant's Counsel, or anyone else acting on behalf of any of them shall make any public statement disparaging any Settling Party, Proposed Settlement Class Counsel, Defendant's Counsel, or this Settlement

Agreement. A joint press release prepared by the Notice Administrator shall be issued subject to the approval of said joint press release by Settling Parties, said approval not to be unreasonably withheld. Neither Proposed Settlement Class Counsel nor Defendant's Counsel shall issue any separate independent press release without approval of all Settling Parties and their counsel. Nothing in this Settlement Agreement bars any Settling Party from posting the jointly issued press release (or other independent press coverage) on their own website.

### General Provisions

43.     This Settlement constitutes the entire agreement between and among the Settling Parties with respect to the settlement of the Actions.  This Settlement shall not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the Settling Parties, it being recognized that, because of the arm's length negotiations resulting in the Settlement, all Settling Parties hereto have contributed substantially and materially to the preparation of the Settlement. This Settlement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by the Settling Parties, Proposed Settlement Class Counsel, and Defendant's Counsel.

44.     Each Settling Party to the Settlement warrants that they are acting on their independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other person, other than the warranties and representations expressly made in the Settlement.

45.     All of the Exhibits to the Settlement are material and integral parts hereof and are fully incorporated by reference.  All captions used in the Settlement are for reference and convenience only and shall not be used in interpreting the Settlement.

46.     The Settling Parties, Proposed Settlement Class Counsel, and Defendant's

Counsel shall execute all documents and perform any additional acts necessary and proper to effectuate the terms of the Settlement and to obtain the benefit of the Settlement for the Settling Parties and Settlement Class Members.

47.    The Settling Parties, Proposed Settlement Class Counsel, and Defendant's Counsel shall not engage in any conduct or make any statements, directly or indirectly, (a) to encourage, promote, or solicit Settlement Class Members or their counsel to request exclusion from the Settlement Class or to object to the Settlement, or (b) to facilitate, induce or cause the non-fulfillment of a condition or the occurrence of an event giving rise to a Party's right to terminate this Settlement.

48.    The Settlement shall be binding upon, and shall inure to the benefit of the Settling Parties, the Settlement Class Members, the persons released in Paragraph 34 of this Settlement, and the respective heirs, administrators, successors, and assigns of each of them. Except as provided in the foregoing sentence, nothing in this Settlement is intended to create any legally enforceable rights in any other person or to make any other person, including, but without limitation, an agreed upon recipient of *cy pres* funds pursuant to Paragraph 30 of this Settlement, a beneficiary of this Settlement.

49.    The Settling Parties:  (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and any applicable requirements under the Class Action Fairness Act of 2005, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement. Defendant shall be responsible for effectuating the required notice to the Attorneys General and shall advise Proposed Settlement Class Counsel of same.

50.     This Settlement shall be construed, enforced and administered in accordance with the laws of the State of Ohio without reference to its conflict of laws principles.

51.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Settling Parties and Settlement Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

52.     This Settlement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together constitute one and the same instrument.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.


Dated:  May 27, 2010

*Counsel for Fifth Third*
*and Duly Authorized Signatory*

*Proposed Settlement Class Counsel*

_____

Patrick F. Fischer
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
(513) 579-6400

_____

Ben Barnow
Barnow and Associates, P.C.
1 North LaSalle, Suite 4600
Chicago, IL 60602
(312) 621-2000

_____

Burton H. Finkelstein
Finkelstein Thompson LLP
The Duvall Foundry
1050 30th Street, N.W.
Washington, D.C. 20007
(202) 337-8000

_____

Hassan A. Zavareei
Tycko & Zavareei LLP
Suite 808
2000 L Street, N.W.
Washington, D.C. 20036
(202) 973-0900

_____

David James Worley
Evangelista & Associates, LLC
One Glenlake Parkway, Suite 700
Atlanta, GA 30328
(404) 478-7195

**<u>List of Exhibits</u>**

Exhibit 1:     Proposed Notice Plan

Exhibit 2:     Proposed Order of Final Judgment

Exhibit 3:     Proposed Order of Preliminary Approval

Exhibit 4:     Proposed Mailed Claim Form

Exhibit 5:     Proposed Electronic Claim Form