UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON SCHULTE, on behalf of herself and all others similarly situated | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:09-CV-06655 |
| -v- | )<br>) |
| FIFTH THIRD BANK | ) (Judge Dow)<br>) |
| Defendant. | ) |

## FIFTH THIRD BANK'S MEMORANDUM IN SUPPORT OF FINAL APPROVAL

The Motion for, and Memorandum in Support, of Final Approval of Class Action Settlement, and Attorneys' Fees, Costs, Expenses, and Incentive Awards filed by Representative Plaintiffs Shannon Schulte and Marlene Willard ("Representative Plaintiffs") effectively articulates why the settlement clearly is fair, adequate, and reasonable under all of the relevant circumstances and why it should be approved by the Court. Without repeating all of those arguments, Defendant Fifth Third Bank ("Fifth Third") incorporates Representative Plaintiffs' Memorandum in Support herein by reference. Fifth Third writes separately, however, to stress that the parties to the settlement carefully evaluated their respective positions and negotiated a hard-bargained, arms-length settlement that provides significant monetary and non-monetary benefits to the class members.[1]

Fifth Third believes it has strong defenses on the merits to the claims in this lawsuit (as well as claims brought in other overdraft fee lawsuits). As more fully discussed in Fifth Third's

---

[1] The reasonableness of the settlement is further confirmed by the Affidavit of Kevin Sullivan. In the Affidavit, Fifth Third's Kevin Sullivan explains the financial impact of high-to-low posting of debit card and ATM transaction at Fifth Third, which allows the Court to better understand the value of the settlement that is being provided. A true and accurate copy of Mr. Sullivan's Affidavit is attached hereto as **Exhibit 1**.

Response to Objections of Michelle Keyes, Amanda Ratliff, and Verdell Ratliff To Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement [Doc. #46] ("Fifth Third's Response to Objections"), which is fully incorporated herein by reference, the following claims are potentially defective for the following reasons:

- **Breach of Contract** – Fifth Third believes breach of contract claims are of doubtful legal merit because the contract between Fifth Third and its customers (*i.e.*, the deposit agreement) specifically authorizes high-to-low posting. Moreover, a claim for breach of the implied covenant of good faith and fair dealing is not viable because it is well-established that a claim for breach of the implied covenant of good faith and fair dealing cannot stand where, as here, a party to a contract has merely exercised its rights according to the express terms of the contract. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395-396 (7th Cir. 2003); *Hassler v. Sovereign Bank*, 374 Fed.Appx. 341, 2010 WL 893134 (3d Cir. 2010) (affirming *Hassler v. Sovereign Bank*, 644 F.Supp.2d 509 (D.N.J. 2009).[2]

- **Consumer Protection Statutes** – Fifth Third further maintains that claims premised on state consumer protection statutes are without merit because: (1) most state consumer protection statutes expressly exempt from liability conduct that is otherwise authorized by law, and Fifth Third's posting practices are authorized by applicable federal and state law; and (2) Fifth Third's deposit agreement expressly permits Fifth Third to decide the order in which items will be posted. In light of these explicit disclosures, plaintiffs cannot show why they should prevail on a claim that Fifth Third's posting practices, or the disclosures relating to those posting practices, are somehow deceptive or violative of state consumer protection laws. *See Hill v. St. Paul Federal Bank for Savings*, 329 Ill. App. 3d 705, 768 N.E.2d 322 (1st Dist. 2002); *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 775 N.E.2d 951 (Ill. 2002).[3]

- **Unjust Enrichment** – Plaintiffs cannot maintain a viable unjust enrichment claim because there is an agreement – the deposit agreement – that governs the relationship between Fifth Third and its customers. Quasi-contractual remedies such as unjust enrichment cannot be asserted where there is a written contract that controls the parties' relationship. *Martis v. Pekin Memorial Hospital, Inc.*, 334 Ill. Dec. 772, 917 N.E.2d 598 (3d Dist. 2009).[4]

---

[2] *See also* Fifth Third's Response to Objections at 3-4 and all cases cited therein.
[3] *See also* Fifth Third's Response to Objections at 4-5 and all cases cited therein.
[4] *See also* Fifth Third's Response to Objections at 5-6 and all cases cited therein.

- **Conversion** – Conversion claims fail as a matter of law because bank customers do not have title to funds allegedly converted. *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 399 (7th Cir. 2004).[5]

- **Unconscionability** – Finally, unconscionability claims are without merit because the law does not recognize any such claims. Courts generally recognize unconscionability as a defense to the enforcement of a contract, not as an independent cause of action or source of monetary recovery. *Cowin Equip. Co., Inc. v. Gen. Motors Corp.*, 734 F.2d 1581, 1582 (11th Cir. 1984); *Mitchell v. Ford Motor Credit Co.*, 68 F. Supp. 2d 1315, 1318 (N.D. Ga. 1998).[6]

In sum, there are very substantial defenses on the merits to all claims that have been alleged against Fifth Third. At a minimum, these defenses provided a real risk to Representative Plaintiffs that Fifth Third would have proffered had Representative Plaintiffs chosen to continue to litigate their claims. At the same time, without a settlement Fifth Third would have the burden and expense of continuing litigation, as well as the risk that is inherent in almost all cases.

On balance, therefore, when one considers all of the factors discussed in Representative Plaintiffs' Memorandum in Support, the Affidavit of Kevin Sullivan, the substantial support for the settlement evidenced by the number of claims submitted by members of the class, and the risk both to Fifth Third and the Representative Plaintiffs of an adverse outcome, it is clear that the proposed settlement is fair, adequate, and reasonable. As such, Fifth Third fully supports the settlement.

---

[5] *See also* Fifth Third's Response to Objections at 6 and all cases cited therein.
[6] *See also* Fifth Third's Response to Objections at 6-7 and all cases cited therein.

- 4 -

Respectfully submitted,

/s/ Roger A. Lewis
James E. Burke (admitted pro hac vice)
Drew M. Hicks (admitted pro hac vice)
KEATING MUETHING & KLEKAMP PLL
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
pfischer@kmklaw.com
dhicks@kmklaw.com

-and-

Steven A. Levy
Roger A. Lewis
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Phone: (312) 201-4000
Fax: (312) 332-2196
steven.levy@goldbergkohn.com
roger.lewis@goldbergkohn.com

*Attorneys for Defendant,
Fifth Third Bank*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 7, 2011, he caused a copy of the attached Fifth Third Bank's Memorandum in Support of Final Approval to be served via the Court's electronic notice system to all parties of record and via U.S. Mail delivery to the following:

| | |
|---|---|
| Scott D. Gilchrist | David J. Worley |
| Cohen & Malad, LLP | Evangelista & Associates, LLC |
| One Indiana Square | One Glenlake Parkway |
| Indianapolis, IN 46204 | Atlanta, GA 30328 |

.

/s/ Roger A. Lewis

3823756.2