# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6655 | **DATE** | 5/2/2011 |
| **CASE TITLE** | Schulte vs. Fifth Third Bank | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, Plaintiff and Defendant are given until 5/13/2011 to file a brief (or briefs) of no longer than 10 pages to address the argument raised at the fairness hearing by counsel for Objectors Keyes and Ratliff that it would be impossible for any class member to submit a claim in good faith on the basis of the settlement documents as they currently are written.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

Plaintiffs filed their class action complaint on November 21, 2009, alleging that Fifth Third Bank violated the Illinois Consumer Fraud and Deceptive Business Practices Act, breached its contracts with its customers, and has been unjustly enriched by "improperly assessing customers' overdraft charges for insufficient funds on debit/check card purchases and ATM withdrawals through the re-sequencing of transactions in order to maximize the overdraft charges [defendant] could collect." Compl. at ¶ 1. Jurisdiction is premised on the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d). After briefing on Defendant's motion to dismiss, the parties entered into a settlement agreement on May 27, 2010. [See 35].

On June 9, 2010, Michelle Keyes, Amanda Ratliff and Verdel Ratliff (collectively, the "Objectors") appeared and filed objections to the motion for preliminary approval of the proposed settlement. The Court considered those objections [see 39, 40, 53], the parties' responses thereto [see 45, 46, 54, 57], and granted preliminarily approval of the settlement [59]. On October 25, 2010, the Court approved a revised claim form, notice, notice schedule, and re-set the final fairness hearing to March 11, 2011 [64]. The Objectors did not object to the parties' notice or claim form at that time. On November 8, 2010, the Court denied a request by the Objectors to (1) amend the schedule to provide Objectors an opportunity to file a reply brief in support of their objections, and (2) delay the final approval hearing until after the close of the claims period [68]. Finally, in accordance with the schedule set by the Court, the Objectors filed their written objections on February 23, 2011. The parties filed their papers in support of the settlement shortly thereafter [see 102, 103].

On March 16, 2011, the Court held a fairness hearing in this matter during which it heard extensive argument from the parties, from the Objectors (who were represented by counsel), and from a number of other objectors (some of whom were represented by counsel and others who appeared on their own behalf). Among the many contentions raised during the hearing was an argument advanced by counsel for Objectors

| **STATEMENT** |
|---|

Keys and Ratliff that under the current structure of the settlement, it is "impossible for a class member to make a legitimate claim."

In the view of Objectors Keys and Ratliff, the claim form that was sent to class members offered members two options for making a claim. "Option 1" is the option for customers who "do not have all of [their] records" and allowed the class member to make a claim "to the best of [his or her] knowledge or belief." Under this option, the class member was to choose a year and estimate the number and amount of "Overdraft Fees" incurred in a continuous 45-day period during that year. "Option 2" was for customers who "used [their] bank statements and/or other records to determine the information" that they were providing. Under that option, the class member was to identify the number and amount of "Overdraft Fees" incurred in a given 45-day period. Under both options, the class member was asked to "declare under penalty of perjury that I believe that the information I am providing is true and correct to the *best of my knowledge and belief*." (emphasis in original). And under both options, the phrase "Overdraft Fees" was capitalized and was a defined term. Customers could turn to the reverse side of the form to learn that "Overdraft Fee means an insufficient funds fee, overdraft fee, returned item fee, daily overdraft fee, overlimit fee, or other similar fee, incurred as a result of the "re-sequencing" of a Fifth Third Debit Card Transaction in non-chronological order that was not previously reversed or refunded." [See 62, at Ex. A]. [FN1] The long form notice (See Ex. 7 to Affidavit of Cameron R. Azari at ¶ 6) and the Settlement Agreement both defined "Overdraft Fee" in the same way.

> [FN1] A "Fifth Third Debt Card Transaction" was any transaction completed with a Fifth Third Debit Card, including ATM transactions and "point of sale" purchases.

According to Objectors Keys and Ratliff, a major problem with the settlement is that class members have no way of knowing which fees were the "result of [* * *] 're-sequencing'" such that they could accurately fill out the form and make a claim. Counsel argued that Defendant has not disclosed how it determines the order in which charges are posted to customers' accounts. Counsel further submitted that a class member viewing his or her statement would not be able to determine which fees were "Overdraft Fees" in part because the statements do not indicate the date on which charges were posted within a posting period—they only indicate the date on which a purchase was made.

In its review of the written objections and responses from the settling parties, the Court has not located any detailed exposition of the issue raised by Objectors Keys and Ratliff at the fairness hearing. Rather, it appears that the objection first surfaced in any detailed manner at the hearing. Given the underdeveloped record on this issue and the settling parties' burden of showing the fairness of the proposed settlement (see Fed. R. Civ. Proc. 23(e); MANUAL FOR COMPLEX LITIGATION (4th ed.) at § 21.631), the Court gives the settling parties until 5/13/2011 to submit a brief (or briefs) of no longer than 10 pages to address the argument raised at the fairness hearing by Objectors that it would be impossible for any class member to submit a claim in good faith on the basis of the settlement documents as they currently are written.

*[signature]*