## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6655 | **DATE** | 2/10/2012 |
| **CASE TITLE** | Schulte vs. Fifth Third Bank | | |

**DOCKET ENTRY TEXT**

Before the Court is a petition to withdraw from the class [166] filed by Charles E. Dearth d/b/a Candle Sense LLC. For the reasons stated below, the petition [166] is respectfully denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

By way of background, this Court entered a memorandum opinion and order [124] on July 29, 2011, granting final approval of a settlement of this class action, after previously having issued an order of preliminary approval [59] on September 10, 2010. Pursuant to the terms of the settlement agreement, any settlement class member who wished to be excluded from the settlement was required to submit a signed, written notice of its intent to be excluded by February 23, 2011, and any class member who wished to assert a claim was required to submit a claim form by May 2, 2011.

The settling parties agreed to a rather elaborate process for providing individual notice to all potential class members. According to the affidavit of the project manager for the claims administrator [see 167], (1) the administrator sent an individual postcard notice to Candle Sense on December 17, 2010, and (2) in response to that notice, Candle Sense requested a detailed notice and claim form, which the administration mailed to Candle Sense on January 11, 2011. Yet Candle Sense neither submitted a claim form nor a request for exclusion from the class within the time frames set out in the notice. On May 2, 2011, Candle Sense filed a complaint against Fifth Third Bank in Ohio state court. More than two months later, on July 18, 2011, the claims administrator received a request for exclusion from Candle Sense. In the instant motion, Candle Sense seeks a ruling from this Court excluding it from the settlement class, presumably so that Candle Sense may proceed with its individual action in state court. As explained below, Candle Sense's petition must be rejected for two reasons.

First, under Seventh Circuit law, "a release incorporated into an order approving a class action settlement bars subsequent litigation based on the released claims," even if the class member was "ignorant of the settlement." *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 596 (7th Cir. 2004). As numerous cases confirm, so long as the notice to the class is reasonable and comports with due process, a class member may not upset the finality imposed by an opt-out deadline even if the class member did not actually receive the notice. See, *e.g.*, *Purnell v. Sheriff of Cook County*, 2009 WL 1210651, at *3 (N.D. Ill. May 4, 2009) (explaining that "[i]n any class action

**STATEMENT**

settlement, there will invariably be some class members who may not receive timely notice of the settlement * * * [s]till, the function of an opt out deadline serves an important purpose, and it should not easily be disturbed" and thus holding plaintiff bound by settlement even assuming that he did not receive timely notice of the settlement and his right to opt out). Here, the Court previously approved the notice as "the best notice practicable" in the circumstances and held that the notice "satisfied all constitutional due process concerns." And Candle Sense's own pleadings in the state court confirm that it was a member of the settlement class. Under the case law cited above, Candle Sense is bound by the settlement terms and release in the federal action, regardless of whether it actually received timely notice of the settlement and opt-out deadline.

Second, if the failure to receive notice of the settlement and opt out deadlines provided a basis for an untimely assertion of opt out rights – which it does not – Candle Sense could not benefit in any event because the records of the claims administrator belie Candle Sense's contention that it did not receive the notice. The records not only indicate that the administrator *sent* the notice to Candle Sense, but also that Candle Sense *received and responded* to it by requesting additional information, which the administrator then provided well in advance of the deadlines for opting out or submitting a claim form.

For the reasons stated above, the Court respectfully denies the petition to withdraw from the class [166].